*TOWN OF NEWTON ET AL. v. STATE HIGHWAY COMMISSION OF NORTH CAROLINA.

1. **Pleadings—Admissions—Highways—Roads and Highways — Statutes —Maps—Evidence—Appeal and Error.**

   Where the Legislature in passing a state-wide statute for the public road system of the State, makes use as a part thereof, of a map showing the connection of the county seats of the State, and the lines of the road are so placed on the map as to show that the highway passed straight through the town and necessarily by the courthouse square, admissions thereof are sufficient to support a finding to that effect.

2. **Pleadings—Answer—Admissions—Statutes.**

   Where matters material to the disposition of the case are alleged in the complaint, they will be · taken as admitted if not denied in the answer. C. S., 543.

BROGDEN, J. It is alleged in the petition to rehear that the court erroneously assumed, as a fact that the southern route was shown on the map attached to the Road Act of 1921, and that, as a matter of fact, the location of the road actually shown on said map runs "from Statesville to Newton via the villages of Eufola, Catawba and Claremont, and is, in fact, the location of the Southern Railway shown upon the maps issued by the Corporation Commission." This allegation in the petition to rehear is not sustained by the record before the Court. The record as presented to the Court imports verity, and we are not permitted to go outside the record before us in determining the merits of causes.

It was alleged in the complaint that the present road between Statesville and Newton "is a part of the 5500 miles of State Highway System provided for in the said Act of 1921, as indicated by the map attached to and constituting a part of the said Act of 1921, and the defendant, after the passage of said act, adopted and took over as a part of said State Highway System, the section of road between Statesville and Newton, *indicated on the aforesaid map,* as a portion of Route No. 10, *indicated on and prescribed by the said map* which constitutes a part of said Act of 1921, and has since maintained the same as a part of the said State Highway System."

This allegation is admitted in the answer of the defendant not only in express language but also by reason of its failure to deny the same as provided by C. S., 543.

---

* (Note.—Giving the reasons of Mr. Associate Justice Brogden in denying the petition to rehear this case, reported *ante,* p. 54.)

In paragraph eight of defendant's answer it is alleged "that if the southern or existing route were to be used the present steel bridge would have to be replaced in order to provide a bridge in keeping with the standards of safety and service which the State Highway Commission is endeavoring to maintain throughout the State." . . . This language in the answer of the defendant is also an admission that the southern route and the existing route are practically the same. From these admissions in the answer of the defendant the trial judge was fully justified in finding as a fact that the "southern route follows, in a general way, the present road between Statesville and Newton, *and is shown on the map which is a part of chapter 2 of the Public Laws of 1921, indicating the designation and adoption of highways in North Carolina constituting a part of the State Highway System.* . . . *This road would enter the town of Newton in the southeastern portion and pass by the courthouse and along the principal street through the center of the town, and thence to Hickory over the present hard-surface road from Newton to Hickory.*"

This finding of fact by the trial judge was without objection or exception so far as the record discloses. Indeed, from the admissions contained in the defendant's answer, referred to, the trial judge could not have found otherwise.

So that from this record it appears that the southern route was admittedly shown on the map and that it entered the town of Newton in its southeastern limits and passed by the courthouse and along the principal street through the center of the town and thence to Hickory. The courthouse, the principal street, and the center of a county seat is a fixed and definite locality. It being admitted by the defendant that the highway running by the courthouse and along the principal street and through the center of the town was shown on the map which was a part of the Road Act of 1921, therefore, the Court in its opinion held that "the statute, speaking through a map, made the connection in a definite and certain manner. What the statute hath joined together the defendant cannot put asunder."

I am of the opinion that this proposition is sound and in accordance with the meaning of the law.

The State-wide System of Highways created by the Act of 1921 was not designed for the sole and exclusive purpose of serving through travel, but rather to serve the general public, and the county seats and principal towns of the State constituted important units of the general public which the law did not intend should be sidetracked.

As stated in the opinion, the sole and only question presented in this case is whether or not the proposed road disconnected the town of Newton from the highway system. From the admissions made in

the answer of the defendant and the findings of fact by the trial judge, the law, through the map, connected the town, by a highway entering at the southeastern limits and passing by the courthouse, along the principal street, and through the center of the town. Therefore the law, having connected the town by locating a highway through its corporate limits in a definite and certain place, the town is entitled to the service of the connection substantially as fixed by the Legislature. This conclusion was expressed thus by the Court: "We conclude that the Road Act itself connected the county seats according to the best judgment of the Legislature. A substantial departure from such connection, so made by the sovereign power of the State, must, of necessity, constitute a disconnection."

After a careful and diligent examination of the record as presented and the question of law involved, I am of the opinion that the case has been properly decided and therefore the petition to rehear is denied.

The foregoing is in no way binding on the Court. It is simply a statement of my conclusions on the petition to rehear and is intended as a memorandum of the reason why I think the petition should be denied.

Petition denied. .